UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN WHEELER and JULIEANNE WHEELER,

    Plaintiff,

v.

SELENE FINANCE LP,

    Defendants.

Case No. 1:20-cv-03694

## COMPLAINT

**NOW COME** Plaintiffs, KEVIN WHEELER and JULIEANNE WHEELER, through undersigned counsel, complaining of Defendant, SELENE FINANCE LP, as follows:

## NATURE OF ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Regulation Z, which implements the provisions of the Truth in Lending Act ("TILA"), 12 C.F.R. § 1026 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KEVIN WHEELER and JULIEANNE WHEELER ("Plaintiff") are natural persons, over 18-years-of-age, who at all times relevant resided at 667 Turtledove Lane, New Lenox, Illinois 60451.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiffs are "consumers" as defined by 12 C.F.R. § 1026.2(11)

7. SELENE FINANCE LP, ("Selene") is a limited partnership organized and existing under the laws of Delaware.

8. Selene has its principal place of business at 9990 Richmond Avenue, Suite 400, Houston, Texas 77042.

9. Selene is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Selene uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. On January 2, 2007, Plaintiffs executed a mortgage in favor of Provident Funding Group, Inc., a California Corporation (the "Mortgage").

12. The Mortgage secured the purchase of Plaintiffs' personal residence located at 667 Turtledove Lane, New Lenox, Illinois 60451 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a Note in the amount of $271,000.00 (the "Loan").

14. The Note bore interest at 6.000% per annum and provided for monthly installments in the sum of $1,624.78.

15. On September 23, 2019, Selene acquired the servicing of Plaintiff's Loan from Rushmore Loan Management Services LLC. At the time of the transfer, the Loan was due for the March 1, 2012 through September 1, 2019 monthly installments.

16. On or about October 3, 2019, Selene mailed a "Notice of Assignment, Sale or Transfer of Servicing," intended for Plaintiffs, to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

17. The October 3, 2019 Notice explained that the servicing of Plaintiffs' mortgage loan, that is, the right to collect payments, was assigned, sold, or transferred from Rushmore to Selene effective September 23, 2019.

18. Plaintiffs never received this October 3, 2019 Notice.

19. Selene sent this Notice to the wrong address as Plaintiffs never resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618, and never received mail at this address.

20. On or about October 3, 2019, Selene mailed a "Validation of Debt Notice," intended for Plaintiffs, to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

21. The material portion of this October 3, 2019 letter states as follows:

> 1. As of 10/03/2019, our records show that the current amount of the debt securing the above-referenced loan is $411,640.10. Your current payment amount is $1,773.45 which is due for 03/01/2012. This debt consists of the following:
>
> | Current Principal Balance | $281,207.78 |
> |---|---|
> | Deferred Amounts | $0.00 |
> | Interest Due | $51,847.90 |
> | Escrow Advance Balance | $68,488.90 |
> | Late Fees | $2,171.02 |
> | Corporate Advance Balance | $7,924.50 |
> | Unapplied Funds | $0.00 |
> | Total Debt | $411,640.10 |
>
> Because of interest, periodic escrow payments for taxes and/or insurance, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. For additional information, including a payoff quote, please contact our office by mail, phone, or through our website.
>
> 2. The creditor to whom the debt is owed is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. Selene Finance LP ("Selene") is collecting the debt on behalf of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, and you pay the debt to our office at the address indicated below.

    3.    Unless you notify Selene within thirty (30) days of receipt of this notice that you dispute the validity of the debt, or any portion thereof, Selene will assume the debt to be valid.

    4.    Within thirty (30) days of receipt of this notice, you may dispute the validity of the debt in writing. At that time, Selene will obtain verification of the debt and a copy of the verification will be sent to the referenced mailing address.

    5.    Within thirty (30) days of receipt of this notice, you may request in writing that Selene provide you with the name and address of the original creditor.

The law does not require us to wait until the end of the thirty-day period before pursuing any collection activities. If, however, you notify us in writing within the thirty-day period that begins with your receipt of this letter that the debt or any portion thereof is disputed, or if you notify us in writing within the thirty-day period that begins with your receipt of this letter that you are requesting the name and address of the original creditor, the law requires us to suspend any efforts to collect the debt until we mail the requested information to you.

22. Plaintiffs never received this October 3, 2019 Notice.

23. Selene sent this Notice to the wrong address as Plaintiffs never resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618, and never received mail at this address.

24. On or about October 4, 2019, Selene mailed a "Mortgage Statement," intended for Plaintiffs, to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

25. Plaintiffs never received this October 4, 2019 Mortgage Statement.

26. Selene sent this Mortgage Statement to the wrong address as Plaintiffs never resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618, and never received mail at this address.

27. On or about November 19, 2019, Selene mailed a "Mortgage Statement," intended for Plaintiffs, to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

28. Plaintiffs never received this November 19, 2019 Mortgage Statement.

29. Selene sent this Mortgage Statement to the wrong address as Plaintiffs never resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618, and never received mail at this address.

30. On or about December 17, 2019, Selene mailed a "Mortgage Statement," intended for Plaintiffs, to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

31. Plaintiffs never received this December 17, 2019 Mortgage Statement.

32. Selene sent this Mortgage Statement to the wrong address as Plaintiffs never resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618, and never received mail at this address.

33. Concerned with having had their rights violated, Plaintiff was forced to retain counsel to vindicate their rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

35. Section 1692g(a) provides that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector must send a debtor a written notice containing, among other things:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3). The written notice must also contain:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

15 U.S.C. § 1692g(a)(4). Furthermore, the written notice must include:

> a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

36. Paragraphs 3 through 5 of section 1692g(a) contain "the validation notice" requirements as they include the statements that inform the consumer how to obtain verification of the debt and that he has the thirty days in which to do so.

37. Selene violated §1692g by failing to send Plaintiffs the 30-day validation notice.

38. If debt collectors could satisfy § 1692g by merely sending validation notices to any address, valid or invalid, it would not serve to inform debtors of their rights, and would constitute an abusive debt collection practice.

39. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Selene violated 15 U.S.C. § 1692g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Selene violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Regulation X (12 C.F.R. § 1026 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 12 C.F.R. § 1026.41

40. Selene violated 12 C.F.R. § 1026.41 by failing to provide periodic mortgage servicing statements from October 3, 2019 to December 17, 2019.

41. TILA regulations provide that:

> A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement ….

12 C.F.R. § 1026.41(a)(2).

42. Additionally, the statement must be "delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle." *Id*. § 1026.41(b).

43. Sending a periodic statement to an inaccurate mailing address does not serve to inform debtors of:

- The amount due;

- Explanation of amount due;

- Past payment breakdown;

- Transaction activity;

- Partial payment information;

- Contact information;

- Account information; and

- Delinquency information

44. Plaintiff may enforce the provisions of 12 C.F.R. § 1026.41 pursuant to 15 U.S.C. § 1640 which provides "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

 (1) any actual damage sustained by such person as a result of such failure;

 (2)

  (A)

   (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $200 nor greater than $2,000, (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an

        established pattern or practice of such failures; or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000

(3)    in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A.    a finding that Selene violated 12 C.F.R. § 1026.41;

B.    an award of any actual damages sustained by Plaintiffs as a result of Selene violation(s);

C.    an award of statutory damages, as the Court may allow, not less than $400 or greater than $4,000;

D.    an award of costs of this action, together with a reasonable attorney's fee as determined by the Court; and

E.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: June 24, 2020                    Respectfully submitted,

**KEVIN WHEELER and JULIEANNE WHEELER**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com